UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRIYA JASWAL,<br><br>                  Plaintiff,<br><br>              -against-<br><br>JEFFREY R. GOSCH, Division Head 30, Naval Sea Systems Command (NAVSEA), et al.,<br><br>                 Defendants. | 1:23-CV-1761 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Priya Jaswal, of Rego Park, Queens County, New York, filed this *pro se* action invoking the court's diversity jurisdiction. She appears to assert claims of discrimination arising from her former civilian employment with the United States Navy. The Court construes Plaintiff's complaint as asserting federal claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and, possibly, under the Rehabilitation Act of 1973. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of Pennsylvania.

## DISCUSSION

A civil action for employment discrimination under Title VII or the Rehabilitation Act may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); *see* 29 U.S.C. § 794a(a)(1) (incorporating by reference, among other things, Title VII's venue provision for claims of employment discrimination under the Rehabilitation Act).

Plaintiff alleges that she worked at a United States Navy facility in Philadelphia, Pennsylvania, and appears to allege that she would have continued to work there, but for the alleged discrimination. She also alleges that the events that are the bases for her claims of discrimination occurred there and in a Navy facility in Mobile, Alabama. She does not allege where relevant employment records are maintained or administered, but it appears likely that they are located in the abovementioned facility in Philadelphia. Because Plaintiff does not allege that the events giving rise to her claims of discrimination occurred within any federal judicial district within the State of New York; or that she would have worked, but for the alleged discrimination, within this federal judicial district; or that the relevant records are maintained or administrated within this federal judicial district; this court is not a proper venue for this action.[1]

Under 28 U.S.C. § 1406(a), if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff alleges that at least some of the events that are bases for her claims of discrimination occurred at a Navy facility in Philadelphia, venue for this action lies in any of the United States District Courts for the federal judicial districts of Pennsylvania, including the Eastern District of Pennsylvania, in which Philadelphia is located, which is where Plaintiff appears to allege that she would have worked,

---

[1] This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

but for the alleged discrimination. *See* § 2000e-5(f)(3); *see also* 28 U.S.C. § 118(a) (Philadelphia lies within the Eastern District of Pennsylvania). In addition, because Plaintiff alleges that at least some of the events giving rise to her claims of discrimination occurred at a Navy facility in Mobile, Alabama, venue also seems to be proper in any of the United States District Courts for the federal judicial districts of Alabama, including the Southern District of Alabama, in which Mobile is located. *See* § 2000e-5(f)(3); *see also* 28 U.S.C. § 81(c)(2) (Mobile lies within the Southern District of Alabama). Because Plaintiff worked in Philadelphia; seems to allege that she would have continued to work there, but for the alleged discrimination; and because relevant witnesses and documents are likely located there; the Court transfers this action to the United States District Court for the Eastern District of Pennsylvania in the interests of justice. *See* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 3, 2023
           New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge